IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

BARRETT S. CUNNINGHAM, )
 ) Civil Action No. 7:08-CV-00485
 Plaintiff, )
 ) **MEMORANDUM OPINION**
v. )
 ) By: Hon. Glen E. Conrad
UNITED STATES VETERANS AFFAIRS, et al., ) United States District Judge
 )
 Defendants. )

The plaintiff, Barrett S. Cunningham, proceeding pro se, filed this action against the defendants, United States Veterans Affairs [sic] ("VA") and its secretary, James B. Peake, for the alleged unauthorized disclosure of his location by personnel at the VA facility in Mountain Home, Tennessee. The court granted the plaintiff's contemporaneously filed motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1). After reviewing the complaint filed in this matter, however, the court believes that the action must be dismissed without prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for the reasons set forth below.

## BACKGROUND

In the plaintiff's handwritten, somewhat incoherent complaint, he alleges that "[a]n 'administration' of V.A. convicted, slaundered [sic], and offered disclosure of my location to 'Florida Police' without authority or due process/equal protection." See Complaint at ¶ 1. The plaintiff further contends that an individual by the name of Joe Bunn entered this information into a national computer database without regard to the plaintiff's security or his ongoing medical treatment. Id. at ¶ 2. Apparently, the plaintiff had previously come into contact with law

enforcement officers in Florida in relation to an arrest on February 25, 1984 for alleged threats on the part of the plaintiff to blow up a United States Post Office. Id. at ¶ 3. Cunningham believes that his personal security has been placed at risk due to the allegedly unauthorized disclosure of his location in a VA computer database and requests the court to provide him with "life protection" as well as the opportunity to address his "accusers." Id. at ¶¶ 6, 9.

## STANDARD OF REVIEW

With regard to all proceedings in forma pauperis, "a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." Michau v. Charleston County, South Carolina, 434 F.3d 725, 728 (4th Cir. 2006). Title 28 United States Code Section 1915 governs such proceedings as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal -
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Therefore, the court has a mandatory duty to screen initial filings to determine whether they fall within any of the causes for dismissal set forth in § 1915(e)(2)(B). Eriline Co. v. Johnson, 440 F.3d 648, 656-7 (4th Cir. 2006). Although § 1915(e)(2) "does not authorize the district court to engage in factfinding to resolve disputed facts, it does permit the court to apply common sense, reject the fantastic, and rebut alleged matters with judicially noticeable facts." Nasim v. Warden, Maryland House of Corr., 64 F.3d 951, 954 (4th Cir. 1995).

The standard of review for a motion to dismiss under Federal Rule of Civil Procedure

12(b)(6) also applies to dismissal for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii). Newsome v. EEOC, 301 F.3d 227, 231 (5th Cir. 2002). Therefore, the court "should accept as true all well-pleaded allegations" and should construe those allegations in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993) (Rule 12(b)(6)). A complaint need not assert detailed factual allegations, but must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). Furthermore, even assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level." 127 S. Ct. at 1965.

## DISCUSSION

After screening this in forma pauperis action pursuant to § 1915(e)(2), the court is constrained to conclude that the complaint fails to state a claim on which relief may be granted.[1] In his complaint, the plaintiff discusses certain matters that do not form the basis for a claim against the VA, including an allegation that the United States was made a party to his 1984 divorce on seven occasions and that the plaintiff suffers from a disabling spine condition that is connected to his 1967 military service.[2] The plaintiff has also attached a CD which includes a

---

[1] The court also notes that it appears that venue for this action is improper in the Western District of Virginia. The events recounted by the plaintiff all took place within the State of Tennessee, not within this district. Venue may lie in the Western District of Virginia under the general venue statute if the plaintiff resides here and no real property is involved in this action. See 28 U.S.C. § 1391(e). In this case, however, the plaintiff has failed to allege that he resides in Virginia and has provided only a post office box address in Tennessee to the Clerk's office. The plaintiff has also failed to allege that the defendants reside in this district for purposes of § 1391(e). Because the court finds that the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), however, the court finds it unnecessary to resolve the question of venue at this time.

[2] The plaintiff does appear to make a conclusory allegation relating to his medical treatment by the VA as follows: "Disable condition, service connected (1967), with spine failure (1993), . . . prevented by # F and # G." Complaint at ¶ 7. Exhibit F to the complaint is a Statement in Support of Claim completed by the plaintiff on December 3, 2007 that requests a review of his VA medical files. Exhibit G to the complaint is a Statement in

3

variety of personal information, including his military service records, school records, and information related to his family over the years. In addition, the plaintiff refers to another action he filed in the Eastern District of Tennessee against the Florida Bar which has now been dismissed by that Court. Even construing the complaint liberally, the court finds that none of these allegations state any cognizable claim against the defendants.

The plaintiff's allegations with regard to the named defendants relate primarily to the unauthorized inclusion of his "location," which the court takes to mean his physical address, in a VA database which is available nationally. Therefore, the complaint could be construed as alleging a violation of the plaintiff's constitutional right to privacy. The court notes, however, that "there is no general constitutional right to privacy; rather, the 'right to privacy' has been limited to matters of reproduction, contraception, abortion, and marriage." Edwards v. City of Goldsboro, 178 F.3d 231, 252 (4th Cir. 1999). Furthermore, even in this context, the right to privacy does not extend to information that is freely available in public records. Walls v. City of Petersburg, 895 F.2d 188, 193 (4th Cir. 1990).

The plaintiff's residential address does not bear any relation to these reproductive or family rights, and therefore, any claim for invasion of privacy is without merit. Furthermore, even if some right to privacy could be extended in this case, an individual's address is typically available in records that are available to the public, whether they be Department of Motor Vehicles records, tax records, or records of other state and federal government agencies.

---

Support of Claim dated December 20, 2007 that requests a full copy of his claims folder be sent to the plaintiff at a post office box in Bay Pines, Florida. The court finds that these exhibits bear no relation to the plaintiff's medical treatment in 1967 or 1993, and the plaintiff's vague allegations with regard to the exhibits also fail to set forth any cognizable cause of action.

4

Therefore, the court finds that the plaintiff fails to state a claim for a violation of any constitutional right to privacy in this case.

The plaintiff also alleges that this disclosure was made in violation of his rights to due process and equal protection. However, because the plaintiff has failed to identify any protected liberty or property interest that may have been affected by the procedures used by the VA, the court finds no merit to his due process claim. The plaintiff has also failed to allege that he has been treated differently than any other similarly situated VA patient for purposes of a claim for the denial of equal protection under the laws. See Greenville Women's Clinic v. Bryant, 222 F.3d 157, 172 (4th Cir. 2000) (holding that "[a]t its essence, the Equal Protection Clause requires that 'all persons similarly situated . . . be treated alike.'") (quoting Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L.Ed.2d 313 (1985)). Nor has the plaintiff alleged that he is the victim of any discriminatory purpose or motive. Lynn v. O'Leary, 264 F. Supp. 2d 306, 311 (D. Md. 2003). Therefore, the plaintiff's equal protection claim must be dismissed as well.

In conclusion, the court finds that the complaint in this case fails to clearly set forth any cause of action and fails to state a claim for a violation of the plaintiff's right to privacy or of his rights to due process or equal protection under the law. Therefore, the court will dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

5

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to the plaintiff.

ENTER: This 26th day of August, 2008.

                                                  /s/ [signature]
                                                  United States District Judge